UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00446-FDW-DSC

| | |
|---|---|
| ELECTROLUX NORTH AMERICA, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| vs. ) | |
| ) | |
| PERFORMANCE METALS, INC., ) | ORDER |
| ) | |
|     Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Partial Judgement on the Pleadings. (Doc. No. 22) and Plaintiff's Motion for Summary Judgment (Doc. No. 30). Both motions have been fully briefed and are ripe for review. For the reasons below, Plaintiff's motions are DENIED.

Both motions seek the Court's resolution in Plaintiff's favor on its breach of contract claim. The elements of a claim for breach of contract are: (1) existence of a valid contract, and (2) breach of the terms of that contract.[1] Poor v. Hill, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000). "Under longstanding North Carolina law, a valid contract requires (1) assent; (2) mutuality of obligation; and (3) definite terms." Charlotte Motor Speedway, LLC v. Cty. of Cabarrus, 748 S.E.2d 171, 176 (N.C. Ct. App. 2013). A valid contract requires a meeting of the minds as to all essential terms of the agreement. McKinnon v. CV Indus., Inc., 713 S.E.2d 495, 500 (N.C. Ct. App. 2011); see Boyce v. McMahan, 208 S.E.2d 692, 695 (N.C. 1974) ("[the parties] must assent to the same thing

---

[1] The parties appear to agree that North Carolina law governs this dispute. Under the Erie doctrine, a federal court sitting in diversity applies (1) the substantive law of the state in which it sits and (2) federal procedural law. See Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78–79 (1938).

in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement."). "To be enforceable, the terms of a contract must be sufficiently definite and certain, and a contract that leaves material portions open for future agreement is nugatory and void for indefiniteness." Charlotte Motor Speedway, LLC, 748 S.E.2d at 176 (quoting Miller v. Rose, 532 S.E.2d 228, 232 (N.C. Ct. App. 2000)).

The parties' pleadings, including the exhibits submitted in support of and opposition to the summary judgment motion, make clear the parties' dispute as to the existence of a contract, and—to the extent a contract was formed—the terms of that contract. Resolution of these disputes would require the Court to resolve the credibility of witnesses and weigh the evidence, which is appropriate for a jury, not the Court. Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) ("[C]ourts must . . . refrain from weighing the evidence or making credibility determinations. A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party." (citations and quotations omitted));

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Judgement on the Pleadings (Doc. No. 22) and Plaintiff's Motion for Summary Judgment (Doc. No. 22) are DENIED.

Trial in this matter is currently set for the term beginning July 12, 2021. The Court intends the proceed with trial in this matter as docketed. The parties' jointly-prepared pretrial submissions required under the Case Management Order in this case (Doc. No. 15) shall be due by Friday, July 9, 2021.

TAKE NOTICE that a pretrial conference will take place immediately following docket call on July 12, 2021, at 9:15 a.m. in Courtroom #5B of the Charles R. Jonas Building, 401 W. Trade Street, Charlotte, North Carolina.

IT IS SO ORDERED.

Signed: June 30, 2021

Frank D. Whitney
United States District Judge