UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00446-FDW-DSC

| | |
|---|---|
| ELECTROLUX NORTH AMERICA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PERFORMANCE METALS, INC., ) <br> ) <br> Defendant. ) <br> ) | ORDER <br> and <br> JUDGMENT |

THIS MATTER is before the Court on Defendant's "Notice of Confession of Judgment," (Doc. No. 37), and Defendant's "Request for Telephonic Conference and other Relief," (Doc. No. 38). The "Notice of Confession of Judgment," filed by counsel, includes a Confession of Judgment that provides:

> NOW COMES Defendant, Performance Metals, Inc. ("Defendant") does hereby confess judgment and authorizes entry of judgment in favor of Plaintiff Electrolux North America, Inc. ("Plaintiff") in the amount of Four Hundred Thousand and 00/100 ($400,000)). Defendant acknowledges that it was represented by legal counsel and understand the meaning and consequences of signing this Confession of Judgment.

(Doc. No. 37, p. 3). The Confession of Judgment is signed by "Ben Peak, President Performance Metals, Inc." and is notarized. Id. The pleading, signed by counsel, "requests that the Court terminate this lawsuit by entering judgment for the Plaintiff against Defendant." Id. at p. 1. Plaintiff consents to the relief requested by Defendant in the Notice of Confession of Judgment. (Doc. No. 39).

"Federal courts have the power to enter confession judgments, as has been recognized by courts time and again." Orlando Residence, Ltd. v. Nelson, 565 F. App'x 212, 222 (4th Cir. 2014)

(citing 28 U.S.C. § 1874; D.H. Overmyer Co. Inc., of Ohio v. Frick Co., 405 U.S. 174, 176, 92 S. Ct. 775, 31 L.Ed.2d 124 (1972) ("The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder."); Millner v. Norfolk & W.R. Co., 643 F.2d 1005, 1009 (4th Cir. 1981)). Thus, the Court looks to whether state law permits confession judgments and whether the confession judgment was voluntarily, knowingly, and intelligently made. Orlando Residence, 565 F. App'x at 222 (citations omitted).

North Carolina law clearly permits confession of judgment. N.C. Gen. Stat. § 1A-1, 68.1 ("A judgment by confession may be entered without action at any time in accordance with the procedure prescribed by this rule. Such judgment may be for money due or for money that may become due."). Here, the judgment by confession appears to conform to the statutory requirements. As to whether it was voluntarily, knowingly, and intelligently made, the notarized Confession of Judgment was executed with the benefit of legal counsel, and the signatory—Defendant's President—indicated he understood "the meaning and consequences of signing this Confession of Judgment." (Doc. No. 37, p. 3).

IT IS THEREFORE ORDERED that for the reasons stated herein, including all parties' consent, Judgment is hereby entered for Plaintiff on all claims in the amount of $400,000. The Clerk of Court is respectfully directed to TERMINATE all pending deadlines, including trial, and CLOSE THE CASE.

IT IS SO ORDERED.

Signed: July 8, 2021

Frank D. Whitney
United States District Judge